42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John R. MASON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3036.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 22, 1994.*
Decided Dec. 1, 1994.
As Modified on Denial of Rehearing and
Suggestion for Rehearing En Banc
Jan 13, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 John R. Mason was convicted of possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g). Based on the finding at sentencing that he used the firearm in the commission of a forcible rape, Mason's base offense level was increased from level 12 to level 29. As a result, the district court imposed a sentence of 110 months of imprisonment, three years of supervised release, and a fine of $15,000. Mason filed a motion for post-conviction relief under 28 U.S.C. Sec. 2255 alleging that he received ineffective assistance of counsel at sentencing. He appeals the district court's denial of his request for an evidentiary hearing.
 
 
 2
 The district court construed Mason's 2255 motion as a claim that the judge misapplied the guidelines at sentencing. Thus, the district court denied the motion as being "without merit," holding that it "does not present issues which can be examined by this Court in a Section 2255 action." Entry Denying Motion to Vacate or Set Aside Conviction at 3. The district court, however, misinterpreted the allegations in Mason's 2255 motion. Mason does not allege a misapplication of the guidelines; rather, he contends that he received ineffective assistance of counsel at sentencing in violation of the Sixth Amendment. Mason asks us to reverse his sentence on grounds that are not detailed in the record. A defendant may raise an ineffective assistance claim on a 2255 motion if he wishes to support his claim with evidence not present in the record. Guinan v. United States, 6 F.3d 468, 471 (7th Cir.1993); United States v. Taglia, 922 F.2d 413, 417-18 (7th Cir.1991), cert. denied, McDonnell v. United States, 500 U.S. 927, 111 S.Ct. 2040 (1991). Mason will prevail on his ineffective assistance claim if he demonstrates "(1) that his representation at sentencing fell below an objective standard of reasonableness and (2) that a reasonable probability exists that, but for his attorney's unprofessional representation, the result of the proceeding would have been different." Ebbole v. United States, 8 F.3d 530, 533 (7th Cir.1993), cert. denied, 114 S.Ct. 1229 (1994); see also Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064 (1984).
 
 
 3
 Despite the district court's misconstruction of Mason's motion, the government urges us to affirm on the theory that Mason's motion constituted abuse of the writ of habeas corpus. We may affirm a decision to grant or deny a writ on any ground that finds support in the record. See Small v. Endicott, 998 F.2d 411, 414 (7th Cir.1993). Prior to the 2255 motion at issue here, a "jailhouse lawyer" named Larry Bode filed a series of post-conviction motions and petitions on Mason's behalf. The district court dismissed each of these motions, one as an unmeritorious 2255 motion and others as incoherent or "gibberish." Mason argues that he did not understand the nature of his legal claims until he began to act as his own attorney and that, as a pro se petitioner, he should not be held responsible for the frivolous motions prepared by Bode. There is some support for the argument that a pro se petitioner should not be punished for failing to raise claims in his first collateral attack unless he reasonably should have been aware that he could raise the claims. See Gunn v. Newsome, 881 F.2d 949, 959 (11th Cir.1989) (case involving 2254 motion), cert denied, 493 U.S. 993 (1989); but see United States v. Flores, 981 F.2d 231, 236 (5th Cir.1993) ("Flores' pro se status does not amount to cause for his failure to raise the claims in his first [2255] motion.").
 
 
 4
 In any event, the government must plead abuse of the writ in the district court with sufficient clarity and particularity to put the petitioner on notice of the abuse claim, and the petitioner must respond to the charge. McCleskey v. Zant, 499 U.S. 467, 477, 111 S.Ct. 1454, 1461 (1991) (2254 case: "the government has the burden of pleading abuse of the writ"); Price v. Johnston, 334 U.S. 266, 292, 68 S.Ct. 1049, 1063 (1948) ("it rests with the Government to make that [abuse of writ] claim with clarity and particularity in its return to the order to show cause"); Robinson v. Fairman, 704 F.2d 368, 370 (7th Cir.1983) (2254 case). In the instant case, the judge summarily dismissed Mason's 2255 motion; thus the government was not ordered to file an answer. See Rules Governing Proceedings Under Section 2255, Rule 4(b). Under McCleskey and Price, because the government did not raise the abuse claim in district court, we may not consider it on appeal.[1]
 
 
 5
 Thus, we must determine whether Mason's allegation of ineffective assistance of counsel is sufficient to warrant an evidentiary hearing.[2] Mason argues that, if he had effective assistance of counsel at sentencing, he could have demonstrated that the rape never occurred. The district court's conclusion that Mason committed the rape was based largely on the deposition of the victim, Vanessa Lyles. The government, relying on sources including the Lyles deposition, argued at sentencing that Mason threatened Lyles with the firearm before committing the rape. See Presentence Report, p 8. Mason contends that Lyles made statements in a second deposition inconsistent with those proffered at sentencing, and he argues that his attorney's failure to introduce the second deposition was ineffective assistance. Also, Mason alleges that his attorney failed to call material witnesses, including one who would testify that a state rape charge against Mason arising out of the same incident was dropped as a result of insufficient evidence. If supported, these allegations would seem sufficient to warrant an evidentiary hearing. However, Mason offers no affidavits or other evidence to support his claim. Rather, he rests on his mere allegations that a second deposition exists and that the witnesses would provide favorable testimony. "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir.1989); see also Barry v. United States, 528 F.2d 1094, 1101 (7th Cir.1976) ("in order for a hearing to be granted, the petition must be accompanied by a detailed and specific * * * [statement] which shows that the petitioner has proof of the allegations"). As Mason offers no "detailed and specific" proof of his allegations, his request for a hearing must be denied. Thus, the decision of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 In this regard, McCleskey and Price limit the scope of Small. If we remanded the case, the government would then have the opportunity to plead abuse of the writ. However, this is unnecessary in light of our decision to affirm on other grounds
 
 
 [2]
 Or, given that the district court ruled on Mason's motion summarily, we must at least determine whether the evidence is sufficient to warrant a remand and an order requiring the government to respond to Mason's request for an evidentiary hearing